# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS MALONE,<br><br>Plaintiff<br><br>v.<br><br>OFFICER ROMMEL, *et al.*,<br><br>Defendants | : | Civil No. 3:26-cv-2193<br><br>(Judge Mariani) |

## MEMORANDUM

Plaintiff Curtis Malone ("Malone"), an inmate confined at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Malone seeks to proceed *in forma pauperis*. (Doc. 2).

The complaint is presently before the Court for preliminary screening. For the following reasons, the Court will dismiss Malone's complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice and grant him leave to file an amended complaint.

## I. Legal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has

a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,…a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

> would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Malone proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

In the complaint, Malone names the following Defendants: Correctional Officer Rommel, Lieutenant McGurl, former Superintendent Bernadette Mason, and Grievance Officer Keri Moore. (Doc. 1, at 2-3).

Malone alleges as follows:

> I was ordered to step out of the transport van with no help by Officer Rommel and my leg shackles caught hold on the stool bench of the transport van and I fell out of the van. [B]eing blind and not having the proper assistance I fell facedown on the ground. I allege that a Sergeant came and helped Officer Rommel get me in a sitting position until Medical came to check me out th[e]n took me to the Medical Department for an [e]xamination and th[e]n release. Officer Rommel apologized for allowing me to fall and failing to take hold of my arm. Ms. Bernadette Mason denied assistance because I cannot see. Ms. Keri Moore also turned a blind eye because I was without seeing help. Mr. R. McGurl knew that I was blind, yet did nothing to help. I am blind and they all know it.

(*Id.* at 4-5).

Malone alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution. (*Id.* at 5). He seeks declaratory relief as well as compensatory and punitive damages. (*Id.* at 6).

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is axiomatic that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting *Evancho*, 423 F.3d at 353).

When the defendant is a supervising prison official, liability must still be based on "personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207. Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no]

affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). Nor can § 1983 liability be predicated solely on the theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976). *See also Monell v. Department of Soc. Services*, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that § 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F. Supp.2d 776, 782 (W.D. Pa. 2013).

*See also Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite for personal involvement.").

Here, a review of Malone's allegations indicates that he is attempting to establish liability against Lieutenant McGurl, former Superintendent Mason, and Grievance Officer Moore, either on the basis of their respective supervisory capacities within SCI-Mahanoy or based upon their role in denying Malone's grievances. As described above, these type of averments are insufficient to establish personal involvement in the deprivation of a constitutional right. *See, e.g.*, *Mincy*, 508 F. App'x at 104 ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and...failed to help him" is insufficient to state a claim for relief).

Therefore, the claims against McGurl, Mason, and Moore will be dismissed without prejudice and with leave to amend.

## IV. <u>Leave to Amend</u>

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. Leave to amend may be denied based on undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that the pleading deficiencies of the claims against McGurl, Mason, and Moore conceivably could be cured by an amended pleading. Therefore, Malone will be granted the option of filing an amended complaint to attempt to cure the defects discussed above.[1]

## V. Conclusion

Consistent with the foregoing, the Court will grant Malone leave to proceed *in forma pauperis* and will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice. The Court will allow Malone leave to file one all-inclusive amended complaint. Should Malone choose not to file an amended complaint, the Court will reinstate the original complaint, and this action shall proceed on the Eighth Amendment claims against Defendant Rommel.

A separate Order shall issue.

Dated: August 19, 2026

Robert D. Mariani
United States District Judge

[1] If Malone chooses to file an amended complaint, it must be a complete document that does not rely on the initial complaint, or other papers filed in this case.